IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-1770-10






JERI LEIGH BARRON, Appellant



v.



THE STATE OF TEXAS





ON STATE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE FIFTH COURT OF APPEALS


COLLIN COUNTY





 Meyers, J., filed a dissenting opinion.


DISSENTING OPINION 



 The issue here is the distinction between jury-charge error and insufficiency of the
evidence. Appellant claimed to the court of appeals that the trial court erred by
overruling his objection to the jury charge. The court of appeals agreed that there was
error and conducted a harm analysis. Barron v. State, No. 05-09-00589-CR, 2010 Tex.
App. LEXIS 4147 (Tex. App.-Dallas May 27, 2010) (not designated for publication). 
The State asked us to determine whether the court of appeals conducted a proper harm
analysis. After re-analyzing harm under Almanza v. State, 686 S.W.2d 157 (Tex. Crim.
App. 1984), the majority affirms the judgment of the court of appeals.

 My interpretation of Almanza is that jury-charge error results from a mistake of
law in the charge, or when the charge allows conviction on a theory not alleged in the
indictment. Here, there is no such mistake; there is simply no evidence to support the
theory of guilt that was submitted to the jury. Therefore, this case should not be analyzed
under Almanza. For example, it is not "charge error" when a trial court submits to the
jury a lesser-included offense that was not raised by the evidence. Such situations require
an analysis of the sufficiency of the evidence, not an Almanza analysis.

 The court of appeals said that there was no evidence that Appellant ingested any
medication, so the instruction that Appellant could be found guilty of intoxication due to
the synergistic effect of alcohol and drugs was not raised by the evidence. The court of
appeals did not say that this was jury-charge error. (1) The problem is that rather than
saying that there was insufficient evidence of drug use to support the conviction for DWI
under the theory presented in the jury charge and leaving it at that, the court of appeals
went on to do an unnecessary Almanza harm analysis.

 I agree with the court of appeals's analysis of the issue, and I agree with the
majority that the court of appeals conducted an incorrect harm analysis. However, instead
of re-doing the harm analysis, I would send this case back to the court of appeals for a
determination of whether the evidence was sufficient to convict Appellant of DWI for
consumption of alcohol alone. Therefore, I respectfully dissent.


 Meyers, J.


Filed: November 9, 2011

Publish
1. The court of appeals properly determined that "the issue we must decide here is whether
the 'synergistic effect' instruction was raised by the evidence, not whether such a charge
permitted conviction on a theory not alleged in the charging instrument." Barron, 2010 Tex.
App. LEXIS 4147 at *3. The court concluded that "the 'synergistic effect' instruction was not
raised by the evidence, and that the trial court erred by so instructing the jury." Id.